

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 23, 1953

Hon. J. M. Falkner, Chairman     Opinion No. S-56.
State Department of Banking
Austin, Texas                    Re:   Applicability of the
                                       requirement for col-
                                       lateralization of
                                       obligations payable
                                       only to stockholders
                                       of the debtor corpora-
                                       tion and to banks,
                                       insurance companies
                                       and other financial
Dear Sir:                              institutions.

        Your request and supplemental information
presents the question of whether a corporation organ-
ized under Article 1303b, V.C.S., which now proposes
to issue long-term notes or debentures to its own
stockholders only, is required by Article 1524a, Sec-
tion 7, V.C.S., to collateralize such notes or deben-
tures.

        Among other things, your supplemental in-
formation contains the following facts:

        "Allied Auto Finance, Inc, was organ-
    ized in 1950, pursuant to the provisions
    of Article 1303(b), V.T.A.S.  Its present
    capital structure consists of 805,000
    shares of common stock, each of the par
    value of $0.10 and 15,000 shares of Pre-
    ferred Stock, without nominal or par value.
    It is primarily engaged in the business of
    lending money, secured by liens upon auto-
    mobiles.  Discounting its commercial paper
    with financial institutions and pledging
    its commercial paper, as security for bor-
    rowed money, with financial institutions
    are its primary source of working capital.

        "It is the desire of Allied Auto Fi-
    nance, Inc. to issue long-term notes or

debentures, to stockholders only, under the terms of a trust indenture to be executed by and between the company and a state or national bank. The trust indenture would contain provisions usual in the circumstances, including sinking fund provisions for the retirement of the notes or debentures. Preferred stockholders would be given an option to exchange preferred stock for notes or debentures on a dollar for dollar basis. Any notes or debentures issued would have a maturity date of from ten to twenty years, would be registrable in all denominations as to principal and would be transferable only on the books of the company or its appointed registrar.

"Notes or debentures would be issued only to common stockholders. Preferred stockholders who exchanged preferred stock for notes or debentures would be required to own at least one share of common stock. Additional common stock would be made available for those persons who desire to become stockholders in order to purchase the notes or debentures. Any transfer of the notes or debentures would have to be on the books of the company, and before such transfer became effective, the company would ascertain that the transferee was also a stockholder.

"The proceeds from the issuance of the notes or debentures would be used by the company in the usual course of business, i.e., lending money, secured by liens upon automobiles."

The legal question here is a matter of statutory interpretation. Does Section 13 of Article 1524a, which specifically exempts from the examination features of the statute those corporations whose notes or other instruments evidencing debt are payable either to stockholders, banks, insurance companies or other financial institutions, likewise operate to exempt long-term notes or debentures sold

only to stockholders from the collateralization requirements of Section 7 of Article 1524a?

It is the opinion of this office that Section 13 of Article 1524a cannot be properly construed to exempt long-term notes or debentures sold only to stockholders from the collateralization requirements of Section 7.

The plain meaning of the words used in Section 13 will yield but one interpretation. They refer to and make the exemption given in Section 13 applicable only to "the provisions of this Act requiring or authorizing an examination by the Banking Commissioner of Texas." The collateralization provisions of the Act, contained in Section 7, obviously deal with an entirely different subject than the examination provisions. Both the examination and collateralization provisions have been in the Act since its original passage in 1931. If the Legislature in 1945 had intended by the passage of what is the present Section 13 that corporations whose only written obligation consisted of debts payable to the stockholders or to banks, insurance companies or other financial institutions should be exempt from the collateralization provisions as well as the examination provisions, we think the Legislature would have included language to express such an intent.

Nor does a consideration of the general purpose of Article 1524a require a different conclusion. That general purpose was to furnish protection to the investing public. Att'y Gen. Op. No. O-5858 (1944). The several provisions of the Act authorizing and requiring examination, reporting of financial statements, publication and/or filing of statements of condition, collateralization, and bonding of certain personnel, together with the sanctions provided against non-compliance, including remedies against any impairment of capital or any ultra vires activity, were all intended to serve the main purpose of protecting the investing public. The several provisions were separately described by the Legislature. Each in its own way will tend to carry out the general purpose of the Act.

General exemption from these several provisions have been in Section 12 of the Act from the beginning. Section 12 by way of reiteration of the terms of the regulatory sections provides that "none" of these

provisions, except the filing of statements of condition under Section 4, shall apply to sales by a subject corporation (any corporation organized under Article 1302 (48)(49)(50) or Article 1303b) unless it offers for sale or sells "bonds, notes, certificates, debentures and other obligations" which it has issued and which are its own direct obligations. We have construed the second sentence of Section 12 to likewise generally exempt a subject corporation from all of the above provisions, except the one requiring the filing of statements of condition, if the corporation's notes or other obligations, in whatever form, constitute the borrowing of money from banks or other financial institutions to be used "in the usual course of business." Att'y Gen. Op. No. 1489 (1952).

If a subject corporation is exempt under either of the sentences in Section 12, then neither collateralization or examination or any other provision of the Act, except the filing of financial statements, is applicable. But if a subject corporation is not exempt under Section 12, collateralization and the several other requirements of the Act are applicable. As was stated by us in Opinion O-5858 (1944) in reference to the situation where no exemption under Section 12 is proper:

> "Again, if the obligations of such company come within the class of obligation required to be collateralized, it would make no difference that such issue in whole or in part had been sold to banks or other financial institutions, for they are part of the public to whom such obligations may not be sold except they be properly collateralized."

In 1945, when the Legislature enacted what is the present Section 13 a special exemption was added which (as we construe it) removed from the scope of the examination provisions those corporations whose otherwise non-exempt obligations were sold to its own stockholders, or to banks, insurance companies or other financial institutions. The emergency clause to this special exemption recites that "no good purpose could be served by requiring examination of such corporations in such instances." Apparently it was the Legislature's view that examinations by the Banking Commissioner could serve no purpose because

stockholders would be familiar with the true condition of their corporation at all times and because banks, insurance companies and other financial institutions are quite able to examine and appraise for themselves the condition of an issuing corporation.

## SUMMARY

Section 13 of Article 1524a does not exempt long-term notes or debentures sold only to stockholders from the collateralization requirements of Section 7.

APPROVED:

C. K. Richards
Appellate Division

Willis E. Gresham
Reviewing Assistant

Burnell Waldrep
Reviewing Assistant

John Ben Shepperd
Attorney General

PR:wb

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Phillip Robinson*
Phillip Robinson
Assistant